UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEBBA CAMARA,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK,<br><br>Respondent. | CASE NO. C08-1327-MJP-BAT<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On September 4, 2008, Kebba Camara ("petitioner"), proceeding pro se, filed a "Petition for Bail Hearing Pursuant to Kim v. Zigler," challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE") during the pendency of his removal proceedings. (Dkt. 1). Petitioner argues that his detention is unconstitutional because he is unable to afford the $16,000 bond amount imposed by the Immigration Judge, and requests that the Court reduce the bond to $1,500. Respondent has moved to dismiss, arguing that petitioner has received an individualized bond hearing before an Immigration Judge, and that the determination of the amount of the bond is not subject to judicial review. (Dkt. 11).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 1) be DENIED and respondent's motion to dismiss (Dkt. 11) be GRANTED.

REPORT AND RECOMMENDATION
PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Gambia, who was admitted to the United States on November 26, 2004, as a non-immigrant B-2 visitor, with authorization to remain in the United States for a temporary period not to exceed May 25, 2005. (Dkt 17 at L333-35). Petitioner overstayed his visitor visa without authorization from the U.S. Citizenship and Immigration Services. (Dkt. 17 at L99). On August 25, 2006, ICE served petitioner with a Notice to Appear, placing him in removal proceedings and charging him with being subject to removal from the United States under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for remaining in the United States for a period longer than permitted. (Dkt. 17 at L98-99).

On February 16, 2008, petitioner "arrived in ICE custody," and was granted bond in the amount of $20,000. (Dkt. 11, Ex. 1; Dkt. 17 at L222-24). Petitioner requested and received a bond redetermination hearing in March 2008 before an Immigration Judge ("IJ"), who reduced his bond to $16,000. (Dkt. 17 at L227).

On July 11, 2008, petitioner was transferred from ICE custody to the custody of the U.S. Marshall Service pursuant to three outstanding arrest warrants in Lynnwood, Washington, and two outstanding arrest warrants in Everett, Washington. (Dkt. 17 at R436-40). The IJ administratively closed petitioner's removal proceedings because he was no longer detained by ICE. (Dkt. 11, Ex. 1; Dkt. 17 at L324-25). On August 5, 2008, petitioner returned to ICE custody and his immigration proceedings were reopened. *Id.*

On September 26, 2008, an IJ ordered petitioner removed from the United States to Gambia. *Id.* Petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), which remains pending. *Id.*

On September 4, 2008, petitioner filed the instant Petition for Bail Hearing, requesting that

the Court reduce his bond amount to $1,500. (Dkt. 1). On October 16, 2008, respondent filed a Return Memorandum and Motion to Dismiss. (Dkt. 11). Petitioner filed a traverse motion, Dkt. 12, respondent filed a reply, Dkt. 13, and petitioner filed a reply letter, Dkt. 14. The petition and motion to dismiss are ripe for review.

## III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See* INA § 236(a), 8 U.S.C. § 1226(a). Section 236(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States, Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>     (B) conditional parole . . .

8 U.S.C. § 1226(a).

After an alien is arrested and taken into custody, the local ICE office makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. §§ 236.1(c)(8), 236.1(d). After the initial custody determination, the alien may request a bond redetermination by an Immigration Judge. *See* 8 C.F.R. § 236.1(d). The alien may further appeal the Immigration Judge's bond determination to the BIA. *See* 8 C.F.R. § 236.1(d)(3). Once an Immigration Judge has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In a bond hearing, the burden is on the detainee to show to the satisfaction of the Immigration Judge that he or she warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). An Immigration Judge may also consider any number of discretionary factors, including: "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States." *Matter of Guerra*, 24 I&N Dec. at 40.

In the instant case, the administrative record shows that petitioner requested and received a bond redetermination hearing in March 2008 before an Immigration Judge who reduced his bond to $16,000. Petitioner did not appeal the Immigration Judge's bond decision to the BIA, nor did he request a subsequent bond redetermination hearing by an Immigration Judge.

Petitioner argues that because he is unable to afford the $16,000 bond imposed by the Immigration Judge, the amount is unreasonable and violates his constitutional rights. He requests that this Court reduce the bond amount to $1,500. (Dkt. 1). The Ninth Circuit, however, has recently held that a petitioner's challenge to the reasonableness of a bond determination is not subject to judicial review. *See Prieto-Romero*, 534 F.3d 1053 (9th Cir. July 25, 2008). In *Prieto-*

REPORT AND RECOMMENDATION
PAGE – 4

*Romero*, the petitioner, like petitioner here, complained that the Immigration Judge had set an excessively high bond amount which prevented his release from detention. The Ninth Circuit found that the Court had no authority to reach the merits of his claim under INA § 236(e), 8 U.S.C. § 1226(e), which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Therefore, as the Ninth Circuit has determined, the Attorney General's decision to set petitioner's bond in the amount of $16,000 is a discretionary judgment that is not reviewable by this Court. *See id*.

Petitioner also claims that because he is financially unable to pay the $16,000 bond amount imposed by the Immigration Judge, his detention is indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). (Dkts. 1 and 12). In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), authorizes the Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court concluded that after a presumptively reasonable six-month period of post-removal-period detention, an alien is eligible for conditional release upon demonstrating "good

REPORT AND RECOMMENDATION
PAGE – 5

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Here, however, petitioner's detention is not indefinite because he "remains *capable* of being removed – even if it has not yet finally been determined that he *should be* removed." *See Prieto-Romero*, 534 F.3d 1053, 1065 (9th Cir. 2008). Once petitioner's legal proceedings have been completed, ICE will remove or release petitioner. Thus, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *See Prieto-Romero*, 534 F.3d at 1063.

Petitioner also relies on the Ninth Circuit's decision in *Doan v. INS*, 311 F.3d 1160, 1162 (9th Cir. 2002). In *Doan*, the petitioner had been ordered removed to Vietnam, but Vietnam refused to accept him. Thus, in accordance with *Zadvydas*, Doan was released Doan on $10,000 bond because his removal was no longer reasonably foreseeable in light of Vietnam's refusal. Doan posted bond and was released, but challenged the imposition of the bond. The Ninth Circuit held that, "the imposition of a bond as a condition of release was within the exercise of discretion contemplated under the statute and implicitly ratified by the Supreme Court's decision in *Zadvydas*." *Doan,* 311 F.3d at 1161. The court suggested that, in certain circumstances, "serious question may arise concerning the reasonableness of the amount of bond if it has the effect of preventing an alien's release." However, the court never reached the issue of whether the $10,000 bond amount was reasonable because Doan's family had posted the bond.

Here again, unlike *Doan*, petitioner has not shown that his removal is not reasonably foreseeable. Once his legal proceedings have been completed, ICE will remove petitioner to Mexico or release him. "Because [petitioner's] detention does not run afoul of the implicit statutory limitation announced in *Zadvydas*, he remains lawfully detained . . . and *Doan* does not license us to review the reasonableness of the amount of bond, even if [petitioner] cannot afford

REPORT AND RECOMMENDATION
PAGE – 6

to post it." *See Prieto-Romero*, 534 F.3d at 1067. Accordingly, petitioner's detention is not indefinite, and the Court has no authority to review or reduce the Immigration Judge's bond amount.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 3rd day of December, 2008.

                                      /s/                   
BRIAN A. TSUCHIDA
United States Magistrate Judge